**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5273**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

SHAWN JABBAR JILES,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (CR-05-41)

_____

Submitted:  August 9, 2006          Decided:  September 6, 2006

_____

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shawn Jabbar Jiles appeals his conviction and 120-month sentence imposed after he pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, counsel has filed an Anders[*] brief, stating there are no meritorious issues for appeal but suggesting that Jiles' sentence is unreasonable. The Government has moved to dismiss the appeal, asserting that Jiles validly waived the right to appeal his sentence in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Jiles knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issue raised on appeal falls within the

---

[*]Anders v. California, 386 U.S. 738 (1967).

scope of the waiver.  We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Jiles' conviction that may be revealed by our review pursuant to <u>Anders</u>.  Our review of the transcript of the plea colloquy leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Jiles' guilty plea.  Thus, we deny, in part, the Government's motion to dismiss and affirm the conviction.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver.  We therefore affirm Jiles' conviction and dismiss the appeal of his sentence.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND</u>
<u>DISMISSED IN PART</u>

- 3 -